1999 UT 19

Kristy OLSEN, Suzanne Jones, Michael Quinn, Louis Murry, Joseph Ballard, Jeff Haverlack, Megan Rogers, Grace Carnahan, Martin Brown, Tiffany Fowler Brown, Jerald Whiteman, Larry Wall, Diane Wall, Tony Mecham, and Lovest Bucklew, Plaintiffs and Appellants,

v.

McMILLEN ELECTRIC, Mike McMillen, individually, Reese Goodrich General Contractor, Reese Goodrich, individually, Environmental Associates, Inc., Russell Spiers, Canyon Cove Apartments, Ltd., Horne Construction Co., C & H Heating and Air Conditioning, and Mel Herin, Defendants and Appellees.

No. 970305.

Supreme Court of Utah.

March 5, 1999.

James R. Hasenyager, Ogden, and Dwight A. Janerich, Salt Lake City, for plaintiffs.

Paul Belnap, Roger H. Bullock, Salt Lake City, for McMillan Electric and McMillen.

Shawn McGarry, Salt Lake City, for Reese Goodrich General Contractor and Goodrich.

Craig C. Coburn, Salt Lake City, for Environmental Associates.

Felshaw King, Kaysville, for Spiers.

John N. Braithwaite, Theodore E. Kanell, Salt Lake City, for Canyon Cove Apartments.

RUSSON, Justice:

¶ 1 Plaintiffs appeal the district court's entry of summary judgment barring their negligence action against McMillen Electric, Mike McMillen, Reese Goodrich General Contractor, Reese Goodrich, Environmental Associates, Inc., and Russell Spiers (collectively, "appellees"). The district court held that Utah Code Ann. § 78–12–25.5 (1996) barred plaintiffs' action. We affirm.

¶ 2 On April 18, 1994, plaintiffs sustained damage to their personal property as a result of a fire in the Canyon Cove Apartments. The fire marshall determined the fire was started by a faulty electrical system and then spread throughout the apartment building because the required fire blocking had either been removed or installed improperly. On April 28, 1994, plaintiffs brought this action against appellees and other named defen-

dants, alleging negligence. Appellees had all participated in the construction of the apartments, which was completed in 1976—approximately eighteen years prior to the fire and the filing of plaintiffs' complaint.

¶ 3 Appellees each moved for summary judgment, arguing that Utah Code Ann. § 78–12–25.5 (1996) (the "builders statute of repose") barred plaintiffs' cause of action. The builders statute of repose provides in part:

> (5) Subject to Subsections (3) and (4), no action may be commenced against a provider more than 12 years after completion of the improvement or abandonment of construction. In the event the act, error, omission, or breach of duty is discovered in the twelfth year of the 12–year period, the injured person shall have two additional years from the date of discovery to commence an action.

Utah Code Ann. § 78–12–25.5(5) (1996). The district court granted appellees' motions, ruling that the statute of repose barred plaintiffs' action.

¶ 4 On appeal, plaintiffs argue that the builders statute of repose violates article I, section 11 of the Utah Constitution, the open courts clause, in that it unconstitutionally eliminates their right to a remedy for injury to their property. They also argue that the provisions of Utah Code Ann. § 78–12–25.5 are internally inconsistent and therefore inoperable. Finally, plaintiffs argue that pursuant to the statute, the twelve-year statute of repose does not apply because it is "subject to" a discovery rule.

¶ 5 The same essential arguments were made in *Craftsman Builder's Supply, Inc. v. Butler Manufacturing Co.*, 974 P.2d 1194 (Utah 1999). In that case, we rejected these arguments and affirmed the district court's ruling that the builders statute of repose barred the plaintiffs' action. In the present case, plaintiffs have presented nothing that dissuades us from that result. Therefore, in view of the reasoning set forth in *Craftsman*, we affirm the judgment of the district court barring plaintiffs' negligence action against appellees.

¶ 6 Chief Justice HOWE, Associate Chief Justice DURHAM, and Justice STEWART concur in Justice RUSSON's opinion.

ZIMMERMAN, Justice, concurring and dissenting:

¶ 7 I concur in the result but dissent from the reasoning of this opinion for the same reasons I expressed in my separate opinion in *Craftsman Builder's Supply, Inc. v. Butler Manufacturing Co.*, 974 P.2d 1194 (Utah 1999).